HERMAN COHEN and Another, Respondents, *v.* JOHN EGGERS and Another, Appellants.

HERMAN COHEN and Another, Respondents, *v.* HENRY J. BREDEN and Another, Appellants.

First Department, February 18, 1927.

Liens — mechanics' liens — action to foreclose mechanics' liens on dwelling houses — evidence shows that plaintiffs did not substantially perform contract — defendants, by moving into premises, did not waive defects in building — certificate of occupancy not determination that contract was performed — plaintiffs entitled to recover for extra work — defendants entitled to larger recovery on counterclaim.

This is an action to foreclose mechanics' liens upon dwelling houses belonging to the defendants. The defense is that the plaintiffs did not substantially perform the contract in reference to the laying of cement in the cellars, the making of cement walks, making the roofs water tight, and the placing of sheet rock ceiling in the garages. The evidence also shows that the plaintiffs substituted wooden posts for concrete pillars under the porches and sun parlors of each house, and in place of brick coping on the stoops and blue stone treads on the cellar stairs, the plaintiffs used cement. It thus clearly appears that the plaintiffs did not substantially perform the contract.

The fact that the defendants moved into their respective premises with knowledge of the defects did not constitute a waiver thereof.

The issuance of a certificate of occupancy by the bureau of buildings of the city of New York was not a determination that the plaintiffs had complied with the terms of their contract.

The evidence shows that the plaintiffs were entitled to recover for certain extra work performed.

The defendants were entitled to a larger recovery on their counterclaims, since the plaintiffs were required, under the contract, to remedy all defects occurring within a period of two years, and the record shows that the defendants were justified in incurring certain expenses in performing work which the plaintiffs omitted and in doing work which the plaintiffs refused to do in remedying defects in construction.

APPEAL in each of the above-entitled actions by the respective defendants from a judgment of the Supreme Court in favor of the plaintiffs in each action, entered in the office of the clerk of the county of New York on the 22d day of September, 1925, upon the decision of the court rendered after a trial at the New York Special Term in actions to foreclose mechanics' liens.

*Jacob Marx,* for the appellants.

*Louis Rosenberg,* for the respondents.

FINCH, J. This appeal involves the question of whether the plaintiffs can be said to have performed substantially the contracts which they made to build two houses, one for Mr. and Mrs. Eggers

and one for Mr. and Mrs. Breden. The action is to foreclose a mechanic's lien. The trial court has found that the plaintiffs did not perform in mixing and laying the cement for the cellars and the runways to the garages, in accordance with the specifications, resulting in the disintegration of the finished work, and he has made an allowance of $1,200 for this failure to perform, being $600 for each of the houses. In addition, this record shows that the plaintiffs have failed to perform the contracts also in the following respects:

The specifications required the roofs " to be thoroughly flashed and guaranteed water proof." The roofs of both houses leaked badly during the first rain storm, which occurred about a week after the defendants took possession. Investigation showed that the flashings had been improperly installed. Each house had to have a portion of the roof removed, flashings properly installed and the roofs, and incidentally some stucco, relaid. In addition, the specifications in connection with both houses required sheet rock ceilings to be installed in the garages. This was not done. Further, specifications called for concrete pillars under the porches and sun parlors of each house. Wooden posts were substituted. The specifications also called for brick coping on stoops and blue stone treads on cellar stairs. Instead of this, cement was substituted.

The principles of law pertaining to the question of substantial performance are clear in their application to the facts in this case. In the latest case upon the subject, namely, *Jacob & Youngs, Inc.*, v. *Kent* (230 N. Y. 239), the specifications of a building contract required the plaintiff to provide wrought-iron pipe for the plumbing of the grade known as " ' standard pipe ' of Reading manufacture." The plaintiff instead installed similar pipe known as " Cohoes " pipe. It appears from the opinion that the difference between the two pipes was as follows: " Reading pipe is distinguished from Cohoes pipe and other brands only by the name of the manufacturer stamped upon it at intervals of between six and seven feet. Even the defendant's architect, though he inspected the pipe upon arrival, failed to notice the discrepancy." Even such a slight deviation from the specifications presented a close question as to whether the plaintiff had had the performance under his contract to which he was entitled. The Court of Appeals held that there was substantial performance, but three members of the court dissented. In the case at bar the failure to perform the contract on the part of the plaintiffs is far greater than in *Jacob & Youngs, Inc.*, v. *Kent* (*supra*). This is so, considering alone the failure to comply with the specifications in connection with the cementing

of the cellars and runways to the garages. The specifications provided that the earth in the cellar of said premises was to be leveled off to a depth of ten inches below the finish line, tamped down at all points, four inches of cinders laid, then four inches of concrete consisting of one part cement, three parts sand, five parts broken stones, tamped down thoroughly and finished with one and one-half inch top dressing, composed of Portland cement and sand in equal parts, same to be floated to smooth surface. The specifications in reference to the cement walks and runways provided for an eight-inch cinder fill, well-rammed foundation and then six inches of concrete, consisting of one part cement, three parts sand, five parts cut stones, and then finished with a two-inch dressing, consisting of one part of cement and one part sand. The plaintiffs failed to lay the cellar floor as provided in the plans and specifications in that they did not level off the earth in the cellar bottom to a depth of ten inches below the finish level, tamp down thoroughly, lay a bed of cinders, and construct the cellar floor with four inches of concrete, consisting of one part cement, three parts sand and five parts broken stones, and did not finish with a one and one-half inch top dressing of sand and cement in equal parts. The plaintiffs also failed to construct the walks and concrete runways to garages with an eight-inch cinder fill, well rammed and then six inches of concrete of the mixture provided for, and a two-inch top dressing, consisting of one part cement and one part sand. This lack of performance created the necessity of removing the cracked and broken cement, placing a foundation beneath and replacing concrete of the proper constituents. In addition, as already noted, the plaintiffs failed to comply with the specifications in respect of the roofing, the ceilings of the garages, concrete pillars under the porches and the sun parlors, brick copings on step and blue stone treads on cellar stairs. In the case at bar, therefore, there cannot be said to have been substantial performance. (*Easthampton L. & C. Co., Ltd.,* v. *Worthington,* 186 N. Y. 407.) The plaintiffs, therefore, cannot recover upon their contract. The plaintiffs urge that by moving into the premises the defendants waived the defects. The authorities, however, are to the contrary. In *Cawley* v. *Weiner* (236 N. Y. 357, 361) Judge CRANE, for the Court of Appeals, said: " The house was built upon the defendants' property. They could move into it, live in it and in this sense accept it without waiving any defects in construction." Neither is the issuance of a certificate of occupancy by the bureau of buildings a determination that the plaintiffs have complied with the terms of their contract.

Two other questions arise. The plaintiffs were permitted to

recover for certain extra work in each case. The disposition by the learned court at Special Term of the questions of fact, namely, whether the defendants requested and promised to pay for these extra items, cannot be said to be against the weight of the evidence. The defendants, however, were entitled to a greater recovery upon their counterclaims. The contractor, under the specifications, was required not only to build the houses in accordance with the specifications, but also to remedy any defects occurring within a space of two years. The record sufficiently indicates that the defendants were warranted in incurring the following expenses in performing work which the plaintiffs omitted and in doing work which the plaintiffs refused to do in remedying defects in construction:

### In the Eggers Action

| | | |
|---|---:|---:|
| For roof and stucco | $630 88 | |
| For electric wiring | 19 00 | |
| For sheet rock ceiling in garage | 110 00 | |
| Replacing broken window glass | 8 00 | |
| | | $767 88 |
| Amount allowed by trial court for relaying concrete in cellar and runway | $600 00 | |
| Allowance on account of water | 1 60 | |
| | | 601 60 |
| Making a total of | | $1,369 48 |
| Deducting this amount from the total amount of extra work performed by the plaintiffs, namely | | 1,520 00 |
| Leaves a balance of | | $150 52 |

### In the Breden Action

| | | |
|---|---:|---:|
| For roof and stucco | $593 90 | |
| For electric wiring | 25 75 | |
| For sheet rock ceiling in garage | 55 00 | |
| For replacing broken glass | 1 50 | |
| For replacing front door | 36 50 | |
| | | $712 65 |
| Amount allowed by trial court for relaying concrete in cellar and runway | $600 00 | |
| Allowed on account of water | 2 45 | |
| | | 602 45 |
| Making a total of | | $1,315 10 |
| Deducting this amount from the total amount of extra work performed by the plaintiffs, namely | | 1,465 00 |
| Leaves a balance of | | $149 90 |

The judgment in the Eggers action should, therefore, be modified by reducing the amount of plaintiffs' recovery to the sum of $150.52, and, as so modified, affirmed, with costs to appellants.    In the Breden action the  judgment should be modified by reducing the amount of plaintiffs' recovery to the sum of $149.90, and, as so modified, affirmed, with costs to appellants.    The findings of fact inconsistent with this opinion should be reversed and new findings of fact made in accordance with this opinion.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

In each case:   Judgment modified as indicated in opinion, and as so modified affirmed, with costs to the appellants.   Settle order on notice.