■ MARIE-ELENA FURLO, Appellant, v. MINA CHEEK, Respondent.— On December 11, 1962, a collision occurred between an automobile operated by the plaintiff and another automobile owned by the County of Washington and operated by the defendant resulting, as alleged, in personal injuries to the plaintiff. The plaintiff did not name the County of Washington as a defendant but sued only the operator of the county's automobile. The complaint does not refer in any manner to the defendant's employment by the county. The answer of the defendant consists only of general denials. By motion dated April 29, 1963, the defendant moved for and was granted summary judgment.

Section 50-b of the General Municipal Law imposes liability on a municipality for negligent operation of a municipally owned vehicle by "a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof" provided that the appointee was acting in the discharge of his duties and within the scope of his employment at the time of the accident. Section 50-c of the General Municipal Law further provides: "No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality or appointee, unless notice of claim shall have been made and served in compliance with section fifty-e of this chapter". No notice of claim was served. It does not appear from the face of the complaint that the sections mentioned are applicable. It does not factually appear, for instance, that the defendant was operating the municipally owned vehicle "in the discharge of a statutory duty" or that she was "appointed" by the county. The complaint is valid on its face and not subject to a motion to dismiss for failure to state a cause of action. (*Millard* v. *Lewis,* 17 Misc 2d 698 [EAGER, J].) On the motion for summary judgment the defendant introduced evidence to indicate that she was a duly appointed public health nurse acting in the discharge of her duties and within the scope of her employment and operating a vehicle owned by the County of Washington at the time of the accident. But, as stated, the answer consists exclusively of general denials and this defense, although it may be meritorious, is not pleaded. A defense consisting of new matter must be pleaded and summary judgment may not be granted to a defendant dismissing the complaint upon the basis of such a defense unless it is pleaded in the action. (*Krohn* v. *Steinlauf,* 11 A. D 2d 695, 696; *Ziegler* v. *Mancuso & Alessio,* 283 App. Div. 813.) Although summary judgment must be denied to a plaintiff if the motion papers disclose a meritorious defense, although unpleaded, summary judgment cannot be granted to a defendant on an unpleaded defense. (*Raymond Car Sales* v. *Motor Wholesalers,* 28 Misc 2d 1, 5.) Judgment and order reversed, on the law and the facts, and motion for summary judgment denied, with costs to appellant. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.