■ PETTINELLI ELECTRIC CO., INC., Respondent, v. WILLIAM A. BERBUSSE, JR., INC., Appellant.— Order entered on November 17, 1965, granting plaintiff-respondent's motion for partial summary judgment, unanimously modified, on the law, to the extent of denying summary judgment on the first cause of action, and otherwise affirmed, with $50 costs and disbursements to abide the event. Plaintiff is a subcontractor who was engaged by defendant-appellant Berbusse, the general contractor, to perform all electrical work required in the construction of a building on premises owned by F. I. T. Dormitory Corporation. By its first cause of action plaintiff seeks to recover the unpaid balance of the subcontract price. The subcontract required monthly payment by Berbusse of 85% of plaintiff's requisitions, but provided that the "remaining 15% will be retained until 30 days after completion and acceptance of the work by the Architect and Owner." Berbusse claims that plaintiff's work has not been so accepted, and points out that Berbusse is presently suing the owner for refusal to accept the project and make final payment to Berbusse, and that "one of the items which has been raised by the F. I. T. Dormitory Authority, in defense of the action, has been the fact that the electrical installation, particularly the Inter-Com system, is not satisfactorily installed." Plaintiff shows that the building has been occupied by the owner and that a certificate of occupancy has been issued, as well as a certificate of compliance with the municipal electrical code, but the acceptance which the contract contemplates is not necessarily proven by those facts (cf. *Cohen* v. *Eggers*, 219 App. Div. 429, 431). We do not undertake to determine the scope of the above-quoted subcontract provision

under varying circumstances. On this motion for summary judgment it suffices that to all appearances the owner genuinely disputes proper performance of the electrical work and withholds acceptance in good faith, and that Berbusse is making a bona fide effort to compel acceptance. Special Term's disposition of the motion with respect to the other causes of action is in our opinion correct. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.