■ ELIZABETH VOGEL, Respondent, v CITY OF NEW YORK, Appellant. — Order, Supreme Court, Bronx County (Silbowitz, J.), dated February 17, 1982 and entered April 2, 1982, is unanimously modified, on the law and the facts, to the extent that all decretal paragraphs of the order are stricken except the second decretal paragraph thereof providing for the substitution of attorneys, and the settlement previously accepted by plaintiff in open court on November 12, 1981 is reinstated, and the order is otherwise affirmed, without costs. In open court, plaintiff with the advice of her attorney accepted a settlement of her personal injury action for $100,000, after which a stipulation was made on the record "that the above-entitled action is settled and discontinued to include interest, costs, and disbursements, for the sum of $100,000." Some weeks later plaintiff retained a new attorney and expressed her dissatisfaction with the settlement. However, no reason appears justifying setting aside this formal settlement made in open court. No point is made on the appeal as to the substitution of attorneys. Concur — Kupferman, J. P., Sandler, Carro, Silverman and Bloom, JJ.

■ ESCHEN STEEL & IRON WORKS CO., INC., Appellant, v JOHN T. BRADY & COMPANY et al., Respondents. — Order, Supreme Court, New York County (Sutton, J.), entered December 2, 1980 denying plaintiff's motion for summary judgment and dismissing the complaint, is unanimously modified, on the law, to the extent that the complaint is reinstated, and the order is otherwise affirmed, without costs. Special Term on its own motion dismissed the complaint as time barred, in essence granting summary judgment to defendants. This was error, at least on the present state of the pleadings. "A defense consisting of new matter must be pleaded and summary judgment may not be granted to a defendant dismissing the complaint upon the basis of such a defense unless it is pleaded in the action." (*Furlo v Cheek*, 20 AD2d 939, 940.) As to the first cause of action, the answer contains no defense that the action is time barred; on the contrary, the only affirmative defense to this cause of action is that the action is premature. As to the second cause of action, on the payment bond, the answer does contain an affirmative defense that the action is untimely, but this is not pleaded under any Statute of Limitations, but rather under the provisions of the bond, which exempts the surety from liability to any suit "that is instituted by any person, firm, or corporation hereunder later than two years after the complete performance of said Contract and final settlement thereof." "Contract" is apparently the contract between the defendant general contractor and the owner, the City of New York. There is a dispute as to the meaning of the phrase "complete performance * * * and final settlement", and whether this has taken place yet; a lawsuit is pending between defendant general contractor and the city, and the city says that plaintiff contributed to the delay which has caused the city to assess liquidated damages and withhold final payment. On the present case, the meaning of this phrase is not clear enough for us to be prepared to decide it on summary judgment on the court's own motion. It may well be that this phrase has an accepted meaning in public construction contracts, as to which we would need further enlightenment. (Cf. *Pettinelli Elec. Co. v William A. Berbusse, Jr., Inc.*, 25 AD2d 736.) Conversely however, there is enough question as to whether on a proper set of pleadings plaintiff's action might be held to be time barred so that plaintiff is not entitled to summary judgment. Concur — Kupferman, J. P., Sandler, Carro, Silverman and Bloom, JJ.