In the Matter of JOHN MALOWSKY, Appellant, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Nassau County Department of Social Services, dated April 11, 1985, which denied the petitioner's request for access to records in its possession pertaining to himself and his natural mother, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), dated July 29, 1986, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the respondent's determination is annulled, and the Commissioner of the Nassau County Department of Social Services is directed to provide the petitioner with access to "any and all" records pertaining to himself and his natural mother which are in the possession of the Nassau County Department of Social Services, after the deletion of confidential identifying details *(see,* Public Officers Law § 89 [2] [a]).

On or about March 14, 1985, the petitioner sent a letter to the Nassau County Department of Social Services (hereinafter DSS), requesting production of "any and all" records related to himself and his natural mother. By correspondence dated April 11, 1985, the DSS informed the petitioner that his "case record" containing the desired documents had been destroyed by a fire in 1981. Subsequently, it was revealed that records containing the requested information existed, allegedly as part of another person's confidential file. The petitioner commenced the instant proceeding relying on Social Services Law § 373-a and the Freedom of Information Law (hereinafter FOIL) (Public Officers Law article 6) to compel disclosure of the desired records.

Social Services Law § 373-a provides in pertinent part: "To the extent they are available, the medical histories of a child in foster care and of his or her natural parents shall be provided by an authorized agency to such child when discharged to his or her own care. Such medical histories shall

include all available information setting forth conditions or diseases believed to be hereditary, any drugs or medication taken during pregnancy by the child's natural mother and any other information, including any psychological information in the case of a child legally freed for adoption * * * which may be a factor influencing the child's present or future health". The petition asserts the records are sought with the expectation that they may help the petitioner to establish his own identity, in addition to providing relevant medical information and psychiatric diagnoses which may facilitate the treatment of his current maladies. Additionally, the petitioner, who is married and desirous of children, wants this information prior to making any decisions regarding children. In dismissing the instant proceeding, the Supreme Court held Social Services Law § 373-a inapplicable because it did not become effective until September 1983, several years after the petitioner was discharged into his own care.

We disagree with the Supreme Court's finding regarding the inapplicability of Social Services Law § 373-a since it is contrary to the underlying legislative intent. The memorandum accompanying the bill reveals that it was adopted to rectify situations like that which occurred in *Matter of Bednic v Angel Guardian Home* (Sup Ct, Nassau County, Jan. 25, 1983; *see,* Mem of Legislative Representative of City of New York in support of L 1983, ch 326, 1983 NY Legis Ann, at 147). There, the petitioner, who had been released into his own custody from foster care, suffered from heart disease as an adult. The legislative memorandum explained that in such circumstances persons should not have to "appeal to the court for information that is available in existing records and important to their health and well-being" (Mem of Legislative Representative of City of New York in support of L 1983, ch 326, 1983 NY Legis Ann, at 147). In light of this directive, as well as the facial applicability of the statute, we find that the Supreme Court erred when it found the statute unavailing to petitioner.

Moreover, it is well established that under FOIL, all records of governmental agencies are presumptively available for public inspection and copying, without regard to status, need, good faith or purpose of the applicant requesting access *(see, Matter of Scott, Sardano & Pomeranz v Record Access Officer of City of Syracuse,* 65 NY2d 294, 296; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80). Full disclosure is compelled unless the agency can demonstrate that the requested records fall within one of the eight categories of exemptions enumerated under Public Officers

Law § 87 (2) *(Matter of Scott, Sardano & Pomeranz v Record Access Officer of City of Syracuse, supra; Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra).*

The DSS cannot rely on Public Officers Law § 87 (2) (b) as a ground for interfering with petitioner's rights under FOIL. That statute directs attention to Public Officers Law § 89 (2) (a), which permits record disclosure after proper deletion of identifying details *(see, Matter of Short v Board of Managers, 57 NY2d 399).*

In an attempt to exempt the records from disclosure under Public Officers Law § 87 (2) (a), the DSS proffers several State and Federal statutes, including, *inter alia,* 42 USC § 602 (a) (9) and Social Services Law § 136 (2); § 367-b (4); § 369 (3). The breadth of these statutes must be restricted to their legislative intent, which is to preserve the dignity and self-respect of the recipient of social assistance and to assure the integrity and efficiency of the administration of the related programs *(see, Early v County of Nassau,* 98 AD2d 789; *Matter of Robinson,* 140 Misc 2d 599). Since the petitioner's request does not undermine the intent of these statutes, they must yield to the strong policy considerations underlying FOIL. Accordingly, the judgment of the Supreme Court is reversed. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.