■ MARTIN JUMAN et al., Respondents, v LOUISE WISE

SERVICES, Appellant. [620 NYS2d 371] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about February 9, 1994, which, *inter alia,* granted plaintiffs' motion seeking to compel the defendant agency to respond to plaintiffs' interrogatories, to the extent of directing the agency to turn over to the court all the records in question and complete answers to plaintiffs' interrogatories for an in camera inspection, and for a hearing, if necessary, after the court had examined the records and the guardian ad litem for the natural mother had submitted a report, unanimously affirmed, without costs.

Plaintiffs, as adoptive parents, commenced the underlying action against the defendant adoption agency seeking to recover monetary damages plaintiffs sustained as a result of the alleged fraud committed by the agency during the course of plaintiffs' adoption of their now deceased son on May 13, 1966, when the agency allegedly fraudulently misrepresented and refused to disclose to the plaintiffs a significant and severe psychiatric, psychological and medical history of the adopted son's natural mother, and withheld other information, which, if known to the plaintiffs, as the adoptive parents, would have resulted in the plaintiffs not adopting the child.

The IAS Court, prior to compelling disclosure, properly determined that the plaintiffs' complaint, grounded in claims of fraud and misrepresentation, alleged a cognizable cause of action for "wrongful adoption" (159 Misc 2d 314, 315) a heretofore new tort action in New York, which has been recognized in other jurisdictions *(Burr v Board of County Commrs.,* 23 Ohio St 3d 69, 491 NE2d 1101; *Michael J. v Los Angeles County Dept. of Adoptions,* 201 Cal App 3d 859, 247 Cal Rptr 504), since New York's vital social interest in the welfare of its children *(Barry E. v Ingraham,* 43 NY2d 87, 94), and in the adoption process, which advances that vital interest *(Matter of George L. v Commissioner of Fulton County Dept. of Social Servs.,* 194 AD2d 955), warrants an extension of common law fraud principles to the adoption setting *(Roe v Catholic Charities,* 225 Ill App 3d 519, 588 NE2d 354).

Nor did the IAS Court improperly exercise its discretion in overseeing discovery and directing in camera disclosure, so as to safeguard the natural parents *(Matter of Louis F.,* 42 NY2d 260, 265), upon a showing of good cause *(Matter of Linda F. M. [Department of Health],* 52 NY2d 236, *appeal dismissed sub nom. Mason v Abrams,* 454 US 806). Social Services Law § 373-a and Domestic Relations Law § 114, which statutes have been

given retroactive effect *(Matter of Malowsky v D'Elia,* 160 AD2d 798), require disclosure of the information that plaintiffs contend was wrongfully withheld from them by the agency prior to the adoption which includes "non-identifying" medical and psychological background information pertaining to the natural parents, data regarding the agency's employees who participated in the plaintiffs' adoption, and confidential background data concerning the adopted child's natural parents *(Golan v Wise Servs.,* 69 NY2d 343, 346; *Matter of Hayden,* 106 Misc 2d 849).

Plaintiffs herein demonstrated both their adopted son's and their vital need for disclosure of the information requested in plaintiffs' interrogatories and motion to compel disclosure, since the affirmation of a family physician submitted in support of the motion, indicated that their adopted son, who had a long history of psychological disorders, had been diagnosed, treated and hospitalized at numerous facilities for mental illnesses, including schizophrenia *(Matter of Linda F. M. [Department of Health], supra,* at 240).

The IAS Court also properly determined that the information sought by plaintiffs, relating to the defendant agency's adoption procedures and with respect to those employees who worked in connection with the present adoption, was not barred as privileged information by CPLR 4508 (a), which governs disclosure of confidential communications by certified social workers, since the privilege, the purpose of which is to encourage uninhibited disclosure by individuals for the purpose of securing necessary assistance, was not created to conceal willful misrepresentations by adoption agencies in their dealings with potential adoptive parents *(see, Matter of Grand Jury Proceedings [Doe],* 56 NY2d 348, 352). Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ. *[See,* 159 Misc 2d 314.]