■ ALBERT ROSEN, Appellant, v MORBEN PROPERTIES, INC., et al., Respondents. [636 NYS2d 410] —In an action, *inter alia*, to recover damages for alleged misrepresentations, the plaintiff appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated May 11, 1993, which granted the defendants' motion for renewal, and, upon renewal, modified its original determination made in an order of the same court, dated December 14, 1992, denying the defendants' motion for partial summary judgment dismissing the second cause of action, and granted the motion.

Ordered that the order is affirmed, with costs.

The defendants Morben Properties, Inc., and Petrol Holding Corporation (hereinafter the defendant corporations) owned parcels of real estate which were leased to Mobil Oil Corporation. The plaintiff, a stockholder, member of the board of directors, and an officer of the defendant Morben Properties, Inc., alleged that in 1972 the defendant Martin Siegel and/or his father made certain representations giving rise to an agreement under which Siegel kept approximately half of the rental income and the defendant corporations received the remainder. The agreement governing the division of rents was entered into in 1972 and was signed, *inter alia*, by the plaintiff.

The amended complaint stated that the plaintiff was bringing the action "in the rights of" the defendant corporations, and the second cause of action alleged that the defendants deprived the corporations of the full rental income for the properties. In response to the defendants' initial motion to dismiss based on the Statute of Limitations defense, the plaintiff's attorney explicitly stipulated that the complaint was not a shareholder's derivative claim, but rather, expressed an "injury to plaintiff individually and not the corporation".

In its initial order, the court characterized the action as a shareholder's derivative suit but denied the motion because it held that the defendants were equitably estopped from asserting the Statute of Limitations defense. Upon renewal, the court noted the plaintiff's renunciation of the derivative nature of his claim and concluded that the action was untimely pursuant to CPLR 213 (8) governing fraud claims, and that it should be dismissed.

The Supreme Court below correctly determined, upon renewal, that the second cause of action should be dismissed. Assuming that a valid personal cause of action was stated, the

claim referred to representations made in 1972, some 19 years before this action was commenced, and was clearly untimely (*see*, CPLR 213 [8]; *Quadrozzi Concrete Corp. v Mastroianni*, 56 AD2d 353). The plaintiff has failed to demonstrate that he could not have discovered the alleged fraud more than two years before the commencement of this lawsuit. As a signatory to the 1972 agreement that governed the division of rents, the plaintiff knew, or with reasonable diligence could have discovered, the facts that gave rise to the alleged fraud claim (*see*, CPLR 203 [g]; *TMG-II v Price Waterhouse & Co.*, 175 AD2d 21).

The plaintiff's contention that he was prejudiced because the defendants' initial motion was made pursuant to CPLR 213 (7), referring to shareholders' derivative actions, is without merit, since the complaint on its face was a derivative action. In any event, the defendants' answer, which pleaded the affirmative defense of the Statute of Limitations and cited CPLR 213 (8), and their motion papers, made clear that whatever the theory of the complaint was, it should be dismissed as untimely (*cf.*, *Eschen Steel & Iron Works Co. v Brady & Co.*, 94 AD2d 605).

We have examined the other claims raised by the plaintiff and find them to be without merit. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.