■ MELODY MOREAU et al., Respondents, v ARCHDIOCESE OF NEW YORK, Sued Herein as ROMAN CATHOLIC DIOCESE OF THE CITY OF NEW YORK, et al., Appellants, et al., Defendants. [690 NYS2d 100] —In an action, *inter alia,* to recover damages for "fraud/wrongful adoption", (1) the defendant The New York Foundling Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 4, 1998, as granted the plaintiffs' motion to unseal the adoption records of the plaintiff Justin LiGrecci and denied that branch of its cross motion which was for summary judgment dismissing the "fraud/wrongful adoption" cause of action, (2) the defendant The Archdiocese of New York s/h/a The Roman Catholic Diocese of the City of New York separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the "fraud/wrongful adoption" cause of action or, in the alternative, for summary judgment dismissing the "fraud/wrongful adoption" cause of action, and (3) the defendant The New York Foundling Hospital and the defendant The Archdiocese of New York s/h/a The Roman Catholic Diocese of the City of New York separately appeal, as limited by their respective briefs, from so much of an order of the same court, entered July 27, 1998, as, upon reargument and renewal, adhered to the prior determination.

Ordered that the appeals from the order dated March 4, 1998, are dismissed, as that order was superseded by the order entered July 27, 1998, made upon reargument and renewal; and it is further,

Ordered that the order entered July 27, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly denied the appellants' respective cross motions for summary judgment dismissing the plaintiffs' "fraud/wrongful adoption" (hereinafter fraud) cause of action. A cause of action based upon fraud must be commenced within six years of the commission of the fraud, or two years from the date the fraud could reasonably have been discovered, whichever is longer (*see,* CPLR 213 [8]; 203 [g];

*Baratta v ABF Real Estate Co.,* 215 AD2d 518; *Piedra v Vanover,* 174 AD2d 191). Generally, the question of when a plaintiff discovered or should have discovered the fraud for purposes of the Statute of Limitations is a mixed question of law and fact which should not be resolved summarily (*see, Del Vecchio v Nassau County,* 118 AD2d 615). Here, the alleged fraudulent act occurred in 1984. Thus, the six-year Statute of Limitations would preclude recovery for fraud. However, the appellants have not made out a prima facie showing of entitlement to summary judgment with respect to whether the cause of action was commenced within two years of the date that the fraud reasonably could have been discovered (*see, Zuckerman v City of New York,* 49 NY2d 557).

The Supreme Court properly found that a cognizable cause of action for fraud was asserted against The New York Foundling Hospital and The Archdiocese of New York s/h/a The Roman Catholic Diocese of the City of New York (*see, Juman v Wise Servs.,* 159 Misc 2d 314, *affd* 211 AD2d 446).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in directing in camera disclosure of the infant plaintiff's adoption records (*see,* Domestic Relations Law § 114). Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.