■ BOARD OF MANAGERS OF SOCIETY HILL II AT WESTCHESTER CONDOMINIUM ASSOCIATION, INC., Appellant, v K. HOVNANIAN COMPANIES OF NEW YORK, INC., et al., Defendants, and DOLPH ROTFELD et al., Respondents. [705 NYS2d 633] —In an action,

*inter alia,* to recover damages for fraud and misrepresentation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 22, 1998, which, after a hearing, granted that branch of the motion of the defendants Dolph Rotfeld and Dolph Rotfeld Engineering, P. C., which was to dismiss the eighth cause of action asserted in the complaint to recover damages for fraud and misrepresentation insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court did not err in its determination, made after a hearing, that the plaintiff's eighth cause of action to recover damages for fraud and misrepresentation was time-barred insofar as asserted against the defendants Dolph Rotfeld and Dolph Rotfeld Engineering, P. C. The plaintiff knew of, or with the exercise of reasonable diligence should have discovered, the facts underlying that cause of action insofar as asserted against those defendants more than two years before the commencement of the action (*see, e.g., Shannon v Gordon,* 249 AD2d 291; *Rosen v Morben Props.,* 223 AD2d 584; *Gerstenfeld v Berman Realty Corp.,* 204 AD2d 512; *TMG-II v Price Waterhouse & Co.,* 175 AD2d 21). The record establishes that the plaintiff had commissioned its engineer to address certain problems on the condominium grounds in 1991. In the course of that commission, the engineer failed to notice the exaggerated "slopes" currently complained of, and also failed to examine the file of the City of Peekskill Building Department on the project, which contained a 1987 letter from the City of Peekskill Director of Public Works pointing out that the slopes exceeded the maximum approved grade. Accordingly, the plaintiff had or should have had sufficient knowledge of the facts to create a duty of inquiry by 1991, as well as to defeat any claim of justifiable reliance (*see, e.g., City of New York v Morris J. Eisen, P. C.,* 226 AD2d 244; *Gerstenfeld v Berman Realty Corp., supra*; *113-14 Owners Corp. v Gertz,* 123 AD2d 850; *Most v Monti,* 91 AD2d 606).

The plaintiff's remaining contentions are without merit. Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.