(January 31, 2002)

■ Between The Bread Realty Corp., Appellant-Respondent, v Salans Hertzfeld Heilbronn Christy & Viener et al., Respondents-Appellants. (And a Third-Party Action.) [736 NYS2d 666] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about July 11, 2001, which denied plaintiff's motion for summary judgment and defendants' cross motion for partial summary judgment and, after a search of the record, dismissed plaintiff's third and fourth causes of action, unanimously modified, on the law, and upon a search of the record, defendants' cross motion granted, the complaint dismissed in its entirety and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

We agree with the motion court that plaintiff's third and fourth causes of action must be dismissed as it is clear that its breach of contract claims, based upon defendants' purported failure to exercise due care and to abide by general professional standards, are merely redundant pleadings of the malpractice causes of action (*Sadkin v Raskin & Rappoport,* 271 AD2d 272; *Levine v Lacher & Lovell-Taylor,* 256 AD2d 147, 151).

With regard to plaintiff's remaining two causes of action, which sound in legal malpractice, it is settled that an action for legal malpractice requires proof of three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and proof of actual damages (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood,* 170 AD2d 108, 114, *affd* 80 NY2d 377; *Gray v Wallman & Kramer,* 184 AD2d 409, 413). In order to demonstrate proximate cause, plaintiff must establish that "but for" the attorney's negligence, plaintiff would have prevailed in the matter at issue or would not have sustained any damages (*Senise v Mackasek,* 227 AD2d 184, 185; *Levine v Lacher & Lovell-Taylor, supra,* at 149).

Plaintiff's first cause of action asserts that defendants breached their duty of care and professional competence owed to plaintiff by failing to properly advise plaintiff in connection with the lease. We conclude, however, after a search of the record (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425; *A.C.*

*Transp. v Board of Educ. of City of N.Y.*, 253 AD2d 330, *lv denied* 93 NY2d 808), that plaintiff has failed to establish that it incurred any damages as the result of defendants' purported negligence. Indeed, plaintiff's increased architectural and construction costs had nothing to do with the underlying zoning problem but, rather, were the result of the unsuitability of the premises for its intended use. Tellingly, after the zoning problem was discovered, plaintiff executed an amendment to the lease for additional space at the premises.

Plaintiff's second cause of action asserts that "but for" defendants' improper handling of plaintiff's defense in a lawsuit brought by the landlord, plaintiff would not have incurred unnecessary legal fees. Plaintiff's allegations, however, with regard to counsel's purported negligence, as well as to the damages incurred, were speculative at best, and unsupported by specific factual allegations, thereby warranting dismissal of this claim (*see, Dweck Law Firm v Mann*, 283 AD2d 292). Concur—Nardelli, J.P., Sullivan, Ellerin, Rubin and Friedman, JJ.