■ ERIK SILER et al., Respondents, v LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, Appellant. [782 NYS2d 93]—

In an action, inter alia, to recover damages for negligence and fraud, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 25, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiffs, Darrell Siler and Darrin Siler, twin boys (hereinafter the twins), were born December 7, 1985, to a drug-addicted mother. As a result of drug exposure in utero, the twins were born with cerebral palsy and other developmental and behavioral disorders. Upon their discharge from the hospital in January 1986 the twins were placed in foster care with the plaintiffs Erik Siler and Linda Siler (hereinafter the parents), by the defendant, Lutheran Social Services of Metropolitan New York. The parents knew that the twins had been born to a drug-addicted mother, and obviously were aware of their special needs. Nevertheless, they adopted the twins on April 14, 1989.

For reasons that are not detailed in the record, in January 1998 the twins underwent blood tests for the Human Immunodeficiency Virus (hereinafter HIV). By January 30, 1998, the parents knew that both twins were infected with HIV. This action was commenced on or about February 23, 2000, alleging three causes of action. The first cause of action, on behalf of the parents, alleged that the defendant purposely withheld information about the medical history of the twins to induce them to adopt. This is a so-called "wrongful adoption" claim (see *Juman v Louise Wise Servs.*, 211 AD2d 446 [1995]). The second cause of action by the parents alleged that the defendant was negligent in failing to disclose accurate medical information about the twins. The third cause of action, on behalf of the twins, alleged that the defendant had a duty to insure that they, and/or their legal guardians, were accurately apprised of their medical condition, and that the defendant negligently breached this duty. Damages of $10,000,000 were demanded on each cause of action.

After joinder of issue, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the parents' claims were all time-barred, the twins sustained no damages as a result of the defendant's alleged negligence, and that no fraudulent representations had been made to the twins. The Supreme Court denied the motion. We reverse.

As to the parents' first cause of action, the gravamen of their "wrongful adoption" claim is that the defendant misrepresented

the health of the twins, inducing them to adopt. The statute of limitations for a cause of action sounding in fraud is six years from the date of the wrong, or two years from the date the fraud could reasonably have been discovered, whichever is later (CPLR 213 [8]; 203 [g]; *Moreau v Archdiocese of N.Y.*, 261 AD2d 456 [1999]; *Baratta v ABF Real Estate Co.*, 215 AD2d 518, 519 [1995]). The burden of establishing that the fraud could not have been discovered during the two-year period before the commencement of the action rests on the plaintiffs, who seek the benefit of the discovery exception to the six-year statute of limitations (*see Hillman v City of New York*, 263 AD2d 529 [1999]).

The alleged fraudulent inducement was necessarily committed before the adoption in April 1989, and the parents admittedly were aware that the twins were infected with HIV by January 30, 1998. As the action was commenced more than six years after the date of the alleged fraud and more than two years after the parents' actual discovery thereof, the parents' fraud claims are time-barred (*see Board of Mgrs. of Socy. Hill II at Westchester Condominium Assn. v Hovnanian Cos. of N.Y.*, 271 AD2d 388 [2000]; *Hillman v City of New York, supra; Shannon v Gordon*, 249 AD2d 291 [1998]; *cf. Juman v Louise Wise Servs.*, 254 AD2d 72 [1998]).

The parents' negligence cause of action is similarly time-barred, as the action was not commenced within the three-year period of limitations applicable thereto (*see* CPLR 214; *Guerrera v Foundation Tit. & Escrow Corp.*, 303 AD2d 456 [2003]).

The defendant also demonstrated its entitlement to summary judgment dismissing the third cause of action asserted on behalf of the twins. Damages are a necessary element of a negligence claim which must be pleaded and proven (*see e.g. Between Bread Realty Corp. v Salans Hertzfeld Heilbronn Christy & Viener*, 290 AD2d 380 [2002]; *United Sys. Assoc. v Norstar Bank Upstate N.Y.*, 171 AD2d 922 [1991]; *St. John v Tepper*, 54 AD2d 712 [1976]). Here, however, the defendant conclusively demonstrated that the twins sustained no damages proximately caused by the defendant's alleged failure to apprise their *parents* of the twins' HIV status (*see Kelly v Our Lady of Mercy Med. Ctr.*, 279 AD2d 290 [2001]; *Blair v Elwood Union Free Pub. Schools*, 238 AD2d 295 [1997]).

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Adams, Cozier and Lifson, JJ., concur.