■ THOMAS F. MCLOUGHLIN, Appellant, v SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., et al., Respondents. [793 NYS2d 911]—

Judgment, Supreme Court, New York County (Saralee Evans,

J.), entered February 5, 2004, dismissing the action, and bringing up for review an order, same court and Justice, entered February 2, 2004, which, in an action for legal malpractice arising out of defendants' representation of plaintiff and two other firefighters in an action for personal injuries sustained in a fire, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The motion court correctly held that the complaint fails to set forth nonconclusory factual allegations of causation with respect to any of plaintiff's claims of malpractice (*see Between The Bread Realty Corp. v Salans Hertzfeld Heilbronn Christy & Viener*, 290 AD2d 380, 381 [2002], *lv denied* 98 NY2d 603 [2002]). The deficiencies in the complaint were not cured by counsel's affirmation in opposition, which was entirely conclusory with respect to the value of plaintiff's injuries (*see Lindenman v Kreitzer*, 7 AD3d 30, 34-35 [2004]). We would further note with respect to plaintiff's claim that he was "denied his share of the [aggregate] settlement in the underlying action" because of defendants' malpractice in undertaking to represent conflicting interests "in group or block settlement negotiations," the claim appears to involve not the amount of the settlement but rather plaintiff's rightful share thereof, and that a timely motion by defendants to withdraw once it became clear that the plaintiffs in the underlying action could not agree on a division of the settlement proceeds was opposed by plaintiff and denied. Concur—Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ.