■ RAMAPO CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellants, v DAVID G. ADAMS et al., Respondents. [862 NYS2d 114]—

In an action, inter alia, to recover damages for violation of RPTL 1222, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Nelson, J.), entered February 1, 2007, which denied their motion for summary judgment on the complaint and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs brought this action, inter alia, to recover damages for violation of RPTL 1222 allegedly sustained as a result of the failure of the defendant David G. Adams, Assessor of the Town of Haverstraw (hereinafter the Assessor), to perform his allegedly ministerial duty to provide the plaintiff Ramapo Central School District (hereinafter the School District) with a revised assessment roll for the 2004-2005 tax year (see RPTL 1222, 1302). The Assessor's failure to provide the revised assessment roll caused the School District to improperly calculate its tax levy based on an artificially high assessed value of the state-owned lands within the Town of Haverstraw, which resulted in the School District receiving $172,321.84 less in tax revenue for the 2004-2005 fiscal year.

On their cross motion for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), by demonstrating that the School District did not suffer any cognizable damages as a result of the Assessor's omission (*cf. Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646, 648 [2004]). The reduction in revenue oc-

casioned by the Assessor's inaction did not impact the operation of the School District, as the 2004-2005 School District budget resulted in a surplus, which was to be returned to the School District's taxpayers in the form of a reduced tax levy the following year. Thus, the School District's transfer of funds from its insurance reserve was unnecessary. Since, in opposition, the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.