■ COBBLE CREEK CONSULTING, INC., et al., Appellants, v SICHENZIA ROSS FRIEDMAN FERENCE LLP, Respondent. [973 NYS2d 595]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 26, 2012, which granted defendant's motion to dismiss the complaint alleging legal malpractice and breach of fiduciary duty, unanimously affirmed, without costs.

The motion court properly dismissed the claim of legal malpractice, as plaintiffs failed to allege how any negligence was the proximate cause of their damages (see *O'Callaghan v Brunelle*, 84 AD3d 581, 582 [1st Dept 2011], *lv denied* 18 NY3d 804 [2012]; *McLoughlin v Sullivan Papain Block McGrath & Cannavo, P.C.*, 18 AD3d 245, 246 [1st Dept 2005], *lv denied* 5 NY3d 709 [2005]). The motion court considered plaintiffs' allegations, quoted in its decision, that defendant acted in a manner contrary to its discussions with plaintiffs by assisting the subject corporation in eliminating the Preferred A shares. As the motion court noted, plaintiffs alleged only that the parties had discussed, and defendant failed to include, a provision in the certificate of designation that prevented changes in the common stock structure from affecting the conversion rate of plaintiffs' Preferred A stock. Plaintiffs did not challenge the inclusion of language in the certificate of designation that allows changes in the value or voting rights of Preferred A shares by a majority vote of Preferred A shareholders. The complaint

reveals that a vote held pursuant to this latter provision is what altered the conversion ratio, allegedly rendering plaintiffs' stock virtually worthless. Thus, inclusion of the anti-dilution provision plaintiffs cite would not have altered the result. Accordingly, plaintiffs failed to set forth facts showing that, but for defendant's conduct, plaintiffs would not have incurred any damages.

Plaintiffs further alleged, without elaborating, that defendant failed to advise them to seek independent counsel at any time. Plaintiffs failed to allege how this omission proximately caused their injuries. Any claim that independent counsel could have negotiated a provision prohibiting changes to the certificate or any changes to the conversion ratio, even upon a majority vote, or could have insulated plaintiffs from incurring any losses upon a conversion, is speculative.

The motion court correctly dismissed the breach of fiduciary duty claim as duplicative, because it was based on the same facts and alleged the same damages as the legal malpractice claim (*Bernard v Proskauer Rose, LLP*, 87 AD3d 412, 416 [1st Dept 2011]; cf. *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 8 [1st Dept 2008]).

The motion court properly dismissed the complaint with prejudice. Plaintiffs do not elaborate on how any defects in the complaint would have been addressed if they had been given leave to amend (*see generally Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]). Concur—Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 31677(U).]**