■ In the Matter of Kenneth Rose, Appellant, to Unseal the Record of Adoption of Robert. [26 NYS3d 520]—

Order, Surrogate's Court, New York County (Rita Mella, S.), entered January 10, 2014, which denied the petition to unseal the adoption records of petitioner's late father, unanimously reversed, on the law, without costs, and the matter remanded for notice and a hearing consistent with this decision.

Petitioner seeks certified copies of his late father's, the adoptee's, original birth certificate so that he and his children can obtain Italian citizenship. Petitioner asserts that the adoptee would have been 96 years old at the time of the filing of the petition, that the adoptee has no siblings, and that the adoptee's biological and adoptive parents are deceased.

Domestic Relations Law § 114, which has retroactive effect (*see Juman v Louise Wise Servs.*, 211 AD2d 446, 447-448 [1st Dept 1995]), provides that access and inspection of adoption records shall not be granted "except on good cause shown and on due notice to the adoptive parents and to such additional persons as the court may direct" (§ 114 [2]). Although petitioner has made a prima facie showing of good cause (*see Matter of S.P.*, 27 Misc 3d 1217[A], 2010 NY Slip Op 50783[U], *1 [Sur Ct, Bronx County 2010]), he failed to provide nonhearsay evidence that his sister and his mother, who are purportedly the adoptee's only other living relatives, were notified of the petition and support it (*cf.* 2010 NY Slip Op 50783[U], *1-2 [petition to unseal adoption records granted where, among other things, the biological mother submitted an affidavit supporting the petition and the court concluded that no other interested persons were entitled to notice of the petition]). Moreover, the New York City Department of Health and Mental Hygiene (DHMH), which purportedly has access to the adopt-

ee's original birth certificate, claims that it was never served with the petition and did not appear before Surrogate's Court. Accordingly, the matter is remanded for notice to petitioner's mother, sister, and the DHMH, and for a hearing at which these interested persons may appear and present evidence with respect to the petition (*see Golan v Louise Wise Servs.*, 69 NY2d 343, 347-348 [1987]). Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.