■ MODIN ASSOCIATES, INC., Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for the fraudu-

lent conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated November 25, 1986, which granted the defendant's motion to dismiss the complaint and denied the plaintiff's motion to amend the complaint as moot.

Ordered that the order is affirmed, with costs.

The plaintiff purchased the subject property on December 6, 1975, from the defendant for the sum of $500. On July 1, 1986, the plaintiff instituted this action to recover damages on the ground that the property conveyed was a New York City street and that the defendant could not sell such property without prior legislative approval as required by New York City Charter § 383.

Upon motion by the defendant, the Supreme Court dismissed the complaint as barred by the Statute of Limitations. It determined that the claim was one for which no period of limitation had been statutorily supplied, and therefore, that the six-year period of CPLR 213 (1) applied. Since the action was commenced almost 10 years after the conveyance of the deed, the action was found to be untimely.

We agree with the Supreme Court. Since the action can best be characterized as one sounding in the fraudulent conveyance of real property, the six-year Statute of Limitations of CPLR 213 (8) applies. Also, CPLR 203 (f) creates an alternative period of two years from the actual or imputed discovery of the fraud. Since the plaintiff at the time of the conveyance could have, with reasonable diligence, discovered that the property that it was purchasing was not a vacant lot, but was a street, by simply visiting the lot and/or conducting a title search, it is now barred from bringing its claim under either of the above provisions.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.