■ ROBERT GARLICK et al., Respondents, v SERGE TARENZI, Appellant.—In an action to set aside a conveyance of real property, the defendant appeals from an order of the Supreme

Court, Suffolk County (McCarthy, J.), dated March 10, 1988, which, *inter alia,* denied that branch of his motion which was for summary judgment dismissing the complaint as time barred.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint as time barred is granted, and the complaint is dismissed.

The plaintiffs, in their complaint, seek to set aside a conveyance of certain real property, made by them to the defendant in 1974. The plaintiffs allege that although the 1974 deed appears to reflect a transfer of title, the deed was in fact intended to serve merely as security for a debt *(see generally,* Real Property Law § 320; *Booth v Landau,* 103 AD2d 733; 38 NY Jur, Mortgages and Deeds of Trust, § 20). According to the complaint, the defendant fraudulently induced the plaintiffs to transfer the deed to him by representing that "the document executed was nothing more than collateral security" and perpetuated the fraud by then refusing to reconvey the property to them.

The record contains a copy of a written agreement, dated April 29, 1974, reciting that the deed to the subject property had been transferred by the plaintiffs to the defendant as security for the repayment of a loan in the sum of $8,372.90. This agreement further recited that the defendant would reconvey the property to the plaintiffs upon their repayment of the debt on or before April 8, 1975. However, there is no evidence that this debt was repaid in a timely manner, and it is alleged by the defendant, without contradiction, that in 1975 and 1977, he entered into lease agreements with the plaintiffs. In these lease agreements, the defendant is described as the "landlord" and the plaintiff Robert Garlick is described as the "tenant". Robert Garlick has admittedly made monthly payments to the defendant since these lease agreements were made. In the meantime, the defendant has been amortizing the first mortgage on the property, as well as the taxes and insurance.

The defendant, in support of that branch of his motion which was to dismiss the plaintiffs' complaint as time barred, produced evidentiary proof which establishes that in 1976, one of several summary proceedings was brought against the plaintiffs in the District Court, Suffolk County. The plaintiff Robert Garlick, at his deposition, expressly recalled participating in this proceeding, as well as in other summary proceed-

ings brought against him, as tenant, by the defendant as landlord. The defendant's assertion that a judgment for rent arrears was obtained against both plaintiffs is uncontradicted. The plaintiff Robert Garlick also acknowledged that during the course of the summary proceedings, he failed to contest the defendant's status as owner of the property. Furthermore, in support of his motion, the defendant produced a copy of a letter written by his attorney, and sent to the plaintiffs in 1975, in which the plaintiffs were expressly advised that the defendant was, as of that time, the owner of the property. Receipt of this letter was not denied by either plaintiff.

In light of the foregoing, it has been conclusively established that the plaintiffs knew in 1976, if not earlier, that the defendant claimed to be the owner of the subject premises, rather than a mortgagee. A mortgagee has no right to the remedies available in summary proceedings, his remedy being, instead, an action to foreclose. The fact that the plaintiffs were being sued as tenants in a summary proceeding commenced by the defendant, as their landlord, was "sufficient * * * to suggest to [persons] of ordinary intelligence the probability that [they] might have been defrauded" *(Thompson v Whitestone Sav. & Loan Assn.,* 131 AD2d 749, 751). Since, as a matter of law, it has been established that the plaintiffs knew, or should have known, that the defendant claimed to be the owner of the property as early as 1976, and since, as a matter of law, the defendant's claim in this respect should have revealed his alleged "fraud" to the plaintiffs, we conclude that the cause of action asserted in the complaint in the present action was not timely interposed *(see,* CPLR 213 [8]; 203 [f]; *Modin Assocs. v City of New York,* 136 AD2d 530, 531).

The statements made by the plaintiffs' attorney in opposition to that branch of the defendant's motion which was to dismiss the complaint as time barred are conclusory and devoid of evidentiary value. The statement that "in or about December of 1986, plaintiffs realized that the defendant [had defrauded them]" is utterly without value, particularly since it does not appear that anything of significance occurred at or about that time, other than the defendant's commencement of yet another in a series of summary proceedings. The assertion that the plaintiffs believed that the summary proceedings brought by the defendant were "instigated by defendant in order to protect his mortgage interest" establishes, at most, that the plaintiffs were outrageously neglectful in determining the nature of legal proceedings brought against them; such an assertion cannot, as a matter of law, be considered as raising

an issue of fact as to when the plaintiffs could have, with ordinary diligence, discovered the defendant's alleged fraud.

The order appealed from is therefore reversed and the defendant's motion, insofar as it was to dismiss the complaint on Statute of Limitations grounds (CPLR 3211 [a] [5]; 213 [8]; 203 [f]), is granted. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.