DIANE M. WATTS, Individually and as Administratrix of the Estate of WILLIAM W. WATTS, Deceased, Appellant, v EXXON CORPORATION, Respondent.

Third Department, March 4, 1993

## APPEARANCES OF COUNSEL

*Harvey and Harvey, Harvey & Mumford,* Albany *(Jonathan P. Harvey* of counsel), for appellant.

*Friedman, Hirschen, Miller, Coughlin & Campito, P. C.,* Schenectady *(Jeffrey N. Miller* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

Decedent, William W. Watts, the former Registrar at King's College in Westchester County, died on April 4, 1980 at age 39 of aplastic anemia. Decedent allegedly contracted the disease in October 1979 from toxic fumes and vapors emanating from a copying machine that was purchased by the college in 1974 and placed in decedent's office. Significantly, the primary ingredient of the toner or liquid copy mix for the copier was Isopar G, a solvent manufactured exclusively by defendant. It is alleged that the Isopar G in the toner contained benzene, a toxic substance known to cause, among other conditions, aplastic anemia.

In 1982 plaintiff, decedent's wife, commenced an action against the wholesaler of the copy machine, its distributor and its manufacturer. Various of these parties then commenced third- and fourth-party actions, some of them naming defendant. After discovery in these actions, plaintiff commenced this personal injury and wrongful death action against defendant on June 19, 1991. Defendant moved to dismiss the complaint on various grounds under CPLR 3211. Supreme Court dismissed the complaint entirely and this appeal by plaintiff ensued.

On appeal, plaintiff solely challenges Supreme Court's dismissal of her fraudulent misrepresentation claim on the

grounds of failure to state a cause of action and Statute of Limitations (see, CPLR 3211 [a] [5], [7]). Assuming, arguendo, that the complaint articulates a viable fraud claim (see, CPLR 3016 [b]), we nevertheless must affirm on the basis that this cause of action is barred by the applicable Statute of Limitations. There is little question "that the statute of limitations in a fraud action is two years from discovery but, in no event, is it less than six years from commission" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:12, at 168-169; see, CPLR 203 [f]; 213 [8]; see also, Smith v Sarkisian, 63 AD2d 780, 781, affd 47 NY2d 878). Plaintiff alleges that the fraudulent acts of defendant occurred in the late 1970's when defendant discovered, after testing, that Isopar G contained benzene but continued to represent to the public that benzene was not present. Because decedent died in 1980, it is clear that plaintiff is not relying on the six-year Statute of Limitations provision to save her action. Accordingly, the question in this case distills to when the fraud was discovered and whether plaintiff commenced her action within two years of that date.

Upon examination of the record we agree with defendant that the Statute of Limitations in this case began running in January 1988 when, as a result of the ongoing discovery in plaintiff's other action against the copy machine's manufacturer, distributor and wholesaler, plaintiff first knew of defendant's misrepresentation and concealment of the true ingredient of Isopar G. Therefore, her commencement of this action in June 1991 rendered this claim untimely. Plaintiff claims that she did not positively know of defendant's alleged fraud until June 1991 when one of defendant's employees, Barry Hutchings, was deposed and testified that he filed away information about the discovery of benzene in Isopar G in the late 1970's and did not inform the public. Regardless of the truth of this assertion, however, having positive knowledge of fraud is not required to commence the running of the two-year Statute of Limitations. In order to start the limitations period regarding discovery, a plaintiff need only be aware of enough operative facts "so that, with reasonable diligence, she could have discovered the fraud" (Neuhs v Ingersoll Rand Co., 115 AD2d 187, 188-189, lv denied 67 NY2d 604). In other words, all that is necessary are sufficient facts to suggest to a person of ordinary intelligence the probability that they may have been defrauded (see, Garlick v Tarenzi, 152 AD2d 721, 723).

In this case, the record reveals that, as of January 21, 1988,

plaintiff knew that benzene was present in the copier fluid used in the copy machine in decedent's office and that defendant manufactured and sold Isopar G, the major component of the copier fluid. In addition, plaintiff also knew that defendant had tested for benzene in Isopar G between April 1978 and July 1986 and had in fact discovered it. The material safety sheets and other documents produced by defendant throughout this time, however, did not list benzene as a component in Isopar G and customers were unquestionably not notified of the presence of benzene. In our view, this information was sufficient to put plaintiff on notice of a potential fraud claim. While it is true that in cases where the plaintiff's knowledge of the facts is unclear the question of discovery of the alleged fraud should be submitted to a jury for resolution (see, *Trepuk v Frank,* 44 NY2d 723, 724-725), in this case plaintiff's undisputed knowledge of the pertinent facts by January 21, 1988 determines this issue as a matter of law (see, *Garlick v Tarenzi, supra*). Consequently, Supreme Court's dismissal of the action must be affirmed.

WEISS, P. J., LEVINE, MERCURE and MAHONEY, JJ., concur.

Ordered that the order is affirmed, without costs.