■ EDWIN WEISL, JR., et al., Appellants, v POLARIS HOLDING COMPANY et al., Respondents. [641 NYS2d 288] —Order, Supreme Court, New York County (Herman Cahn, J.), entered July 25, 1994, which granted defendants' motion to dismiss certain

causes of actions in the complaint and the amended complaint, unanimously affirmed, without costs.

We agree with the IAS Court that the prospectuses given to plaintiff at the time of purchase or several days later clearly indicated the speculative nature of the investments and risks involved, and thereby put plaintiffs on "inquiry notice" of their potential claims against defendants for misrepresenting the profitability and safety of the investments (*see, Harner v Prudential Sec.*, 785 F Supp 626, 634, *affd* 35 F3d 565), a subject appropriate for determination on a motion to dismiss (*see, e.g., Watts v Exxon Corp.*, 188 AD2d 74; *Dodds v Cigna Sec.*, 12 F3d 346, *cert denied* 511 US 1019). Plaintiffs' claims therefore accrued when they purchased the securities or several days later. Given inquiry notice, there can be no claim of fraudulent concealment warranting a tolling of the Statute of Limitations (*Harner v Prudential Sec., supra*, at 639). The IAS Court also correctly applied CPLR 202 in determining the limitations period applicable to the various common-law claims that accrued outside New York. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.