■ AGUSH KURTISH, Respondent, v JOHN GOLDBERG, Appellant. [677 NYS2d 482] —In an action, *inter alia,* to recover damages for fraud, the defendant appeals from (1) so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered August 20, 1997, as denied that branch of his motion which was for summary judgment dismissing the second cause of action and granted the plaintiff's cross motion for leave to amend the complaint, and (2) an order of the same court, entered December 4, 1997, which, in effect, denied his motion, *inter alia,* to dismiss the amended complaint.

Ordered that the order dated August 20, 1997, is reversed insofar as appealed from, the plaintiff's cross motion for leave to amend the complaint is denied, that branch of the motion which was for summary judgment dismissing the second cause of action is granted, the complaint is dismissed in its entirety; and it is further,

Ordered that the appeal from the order dated December 4, 1997, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

We agree with the appellant that the Supreme Court erred in denying that branch of his motion which was for summary judgment dismissing the second cause of action to recover damages for actual fraud on the ground that it was barred by the six-year Statute of Limitations (*see, Garlick v Tarenzi,* 152

AD2d 721, 723; *Thompson v Whitestone Sav. & Loan Assn.*, 131 AD2d 749, 751). Accordingly, the complaint should have been dismissed in its entirety.

We further find that the Supreme Court improperly granted the plaintiff's cross motion for leave to amend the complaint. Inasmuch as the cause of action to recover damages for fraud was time-barred, a repleaded cause of action for fraud based upon the same transactions and occurrences, no matter how specific, would also be time-barred. The plaintiff cannot avoid the consequences of the Statute of Limitations simply by repleading his cause of action. Moreover, inasmuch as the cause of action for reformation of the deed based upon the alleged fraud is governed by the same period of limitation (*see,* CPLR 213 [8]), that claim is likewise time-barred.

In light of the foregoing, the remaining issues are academic and need not be addressed on appeal. O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.