■ MICHAEL LIVOLSI et al., Appellants, v HICKSVILLE UNION-FREE SCHOOL DISTRICT et al., Respondents. [693 NYS2d 617] —In an action, *inter alia,* to recover damages for alleged educational malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated April 30, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs appealed the plaintiff Michael Livolsi's five-day suspension from high school to the New York State Commissioner of Education, who made a determination in the respondents' favor. The plaintiffs never sought judicial review of the Commissioner's determination pursuant to CPLR article 78, although they could have done so. Therefore, the plaintiffs are barred by the doctrines of collateral estoppel and res judicata from relitigating the propriety of the suspension (*see, e.g., Matter of Camperlengo v Barell,* 78 NY2d 674; *Ryan v New York Tel. Co.,* 62 NY2d 494, 497).

Moreover, the plaintiffs' cause of action sounding in "negligence" is clearly based upon alleged "educational malpractice". As a matter of public policy, such a cause of action cannot be entertained by the courts of this State (*see, Hoffman v Board of Educ.,* 49 NY2d 121, 125; *Donohue v Copiague Union Free School Dist.,* 47 NY2d 440; *Helbig v City of New York,* 212 AD2d 506).

Accordingly, the complaint was properly dismissed. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.