■ David McFarlane et al., Appellants, v Larry Rowlee et al., Respondents. (Appeal No. 1.) [698 NYS2d 194] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ David McFarlane et al., Appellants, v Larry Rowlee et al., Respondents. (Appeal No. 2.) [698 NYS2d 188] —Judgment unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendants' motion to dismiss the complaint on timeliness grounds. The complaint alleges two fraud causes of action and, although defendants met their burden of establishing that more than six years had elapsed between the alleged fraudulent acts and the commencement of the action, plaintiffs raised an issue of fact whether the action was commenced within two years of the time when they could with reasonable diligence have discovered the fraud (*see,* CPLR 203 [g]; 213 [8]; *Niagara Mohawk Power Corp. v Freed,* 265 AD2d 938). "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" (*Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321, 326). On this record it cannot be determined as a matter of law that the action is untimely. There is no merit, however, to plaintiffs' contention that defendants are estopped from raising the Statute of Limitations as a defense. The record does not support the contention that plaintiffs were induced by fraud, misrepresentations or deception from filing a timely suit on a known cause of action (*see, Simcuski v Saeli,* 44 NY2d 442, 448-449). The court further erred in dismissing the complaint on the merits. Defendants' motion was addressed solely to timeliness. (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.