■ STRIDE RITE CHILDREN'S GROUP, INC., Appellant, v PAMELA L. SIEGEL, Defendant, and CHEMICAL BANK et al., Respondents. [703 NYS2d 642] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied in part and respondeat superior and fraud causes of action reinstated. Memorandum: In 1987, plaintiff, Stride Rite Children's Group, Inc. (Stride Rite), requested that Richard Siegel and his wife, defendant Pamela L. Siegel, execute a personal guaranty of the indebtedness of Siegel Shoes, Inc. (Siegel Shoes) in connection with a repayment agreement. Richard was the sole shareholder of Siegel Shoes, and Pamela was a teacher and did not work in the business. Stride Rite forwarded the guaranty to either Richard or another employee of Siegel Shoes, and it was returned bearing the signatures of Richard and Pamela. Their signatures were notarized by defendant Terry W. Hallack, an employee of the predecessor of defendant Chemical Bank. After Siegel Shoes defaulted in payment, Stride Rite commenced an action against Siegel Shoes and the Siegels individually in Federal court in Massachusetts. Richard filed for bankruptcy and Pamela defended the action on the ground that her signature on the guaranty was a forgery. In depositions in connection with that action, Richard admitted that he had forged Pamela's signature and that he had never informed Pamela about the guaranty. Hallack testified that, although he had no specific recollection of the events that occurred in 1987, he would not have notarized Pamela's signature unless Pamela appeared before him to verify that

she had signed the document. Richard's debts were discharged in bankruptcy without objection by Stride Rite, and Stride Rite took a judgment against Siegel Shoes and discontinued the action against Pamela. In May 1996 Stride Rite commenced this action against Pamela, Chemical Bank and Hallack, alleging, *inter alia*, causes of action in fraud against Hallack and a respondeat superior cause of action against Chemical Bank. Supreme Court granted the motion of Chemical Bank and Hallack and dismissed, *inter alia*, those causes of action as time-barred. The court reasoned that more than six years had elapsed since the guaranty was notarized, and that Stride Rite had failed to establish that it had commenced the action within two years of the time it could with reasonable diligence have discovered the fraud.

We reverse the order insofar as appealed from, deny the motion in part and reinstate the respondeat superior and fraud causes of action. A fraud cause of action must be commenced within six years of the fraud, or within two years of the date that plaintiff discovered or could have discovered the fraud with reasonable diligence (*see, Lefkowitz v Appelbaum,* 258 AD2d 563; *Watts v Exxon Corp.,* 188 AD2d 74, 76; CPLR 203 [g]; 213 [8]). The two-year period does not commence from the date that plaintiff has positive knowledge of the fraud, but from the date that plaintiff becomes aware of "enough operative facts 'so that, with reasonable diligence, [he or] she could have discovered the fraud' " (*Watts v Exxon Corp., supra,* at 76; *see also, Weisl v Polaris Holding Co.,* 226 AD2d 286, 287). We agree with Stride Rite that it became aware of enough operative facts to discover that Pamela's signature may have been forged when Pamela defended the Massachusetts action on that ground. Prior to that time, Stride Rite was entitled to rely upon the authenticity of Pamela's notarized signature. In our view, Stride Rite raised an issue of fact whether the action was commenced within two years of the time it could with reasonable diligence have discovered the fraud, and thus the court erred in dismissing the fraud and respondeat superior causes of action (*see, McFarlane v Rowlee* [appeal No. 2], 266 AD2d 861; *Niagara Mohawk Power Corp. v Freed,* 265 AD2d 938). We have examined the alternative arguments of Chemical Bank and Hallack in support of dismissal and conclude that they are without merit. (Appeal from Order of Supreme Court, Cattaraugus County, Himelein, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.