■ JULIE VON BLOMBERG, Appellant, v RICHARD GARIS, Respondent. [845 NYS2d 80]—

In an action for reformation of a deed, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 1, 2006, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

On April 12, 1996 the defendant executed a deed conveying his individual ownership interest in certain real property (hereinafter the property) to both himself and Gayle Willson (hereinafter the decedent) as "joint tenants with right of survivorship." This deed was recorded in the Office of the Suffolk County Clerk on April 30, 1996. The decedent died on August 14, 2004. Her last will and testament, executed on June 19, 2001, contained the following provision: "I currently own [the property] as joint tenants with rights of survivorship. If [the defendant] should not survive me, I direct my Executor to add said real property to my residuary in paragraph Fourth of this will."

On or about May 4, 2005 the plaintiff, the decedent's daughter and a beneficiary under the decedent's will, commenced this action seeking to reform the deed to the property. The plaintiff alleged that the defendant fraudulently executed the deed in violation of his alleged agreement with the decedent that they would hold title to the property as tenants in common with no right of survivorship.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as time-barred. A cause of action based upon actual fraud must be commenced within six years of the commission of the fraud, or two years from the date the fraud could reasonably have been discovered, whichever is longer (*see* CPLR 213 [8]; 203 [g]; *Siler v Lutheran Social Servs. of Metro. N.Y.,* 10 AD3d 646, 648 [2004]; *Lefkowitz v Appelbaum,* 258 AD2d 563 [1999]; *Baratta v ABF Real Estate Co.,* 215 AD2d 518, 519 [1995]). A claim for reformation of a deed predicated upon fraud is governed by the same statute of limitations as an action sounding in fraud (*see Kurtish v Goldberg,* 253 AD2d 740, 741 [1998]). The burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception (*see Siler v Lutheran Social Servs. of Metro. N.Y.,* 10 AD3d at 648; *Lefkowitz v Appelbaum,* 258 AD2d 563 [1999]).

Here, the action was commenced more than six years after the defendant's alleged fraud. Moreover, since this action was not commenced within two years of when the fraud could reasonably have been discovered, the action is time-barred (*see Siler v Lutheran Social Servs. of Metro. N.Y.,* 10 AD3d at 648; *Prestandrea v Stein,* 262 AD2d 621, 622 [1999]; *Lefkowitz v Appelbaum,* 258 AD2d 563 [1999]; *Baratta v ABF Real Estate Co.,* 215 AD2d at 519).

The plaintiff's remaining contentions are unpreserved for appellate review and, in any event, are without merit or have been rendered academic in light of our determination. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.