GLOBAL CONNECT STRATEGIC VOICE OF BROADCASTING, CORP., Appellant, v OXFORD COLLECTION AGENCY, INC., Respondent. [856 NYS2d 635]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 31, 2007, which, upon a decision of the same court (Berler, J.), dated June 9, 2006, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered February 28, 2006, against it upon its failure to appear or answer.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff's contentions that the defendant waived its defense of lack of personal jurisdiction due to improper service of process, among other things, were never made in the Supreme Court, and thus are raised for the first time on appeal (*see Matter of American Home Assur. Co. v Ceballos*, 224 AD2d 612, 613 [1996]), or were made and subsequently rejected by the Supreme Court in an order dated April 11, 2006, from which the plaintiff took no appeal. Accordingly, the plaintiff's waiver arguments are not properly before us.

The Supreme Court correctly concluded that the plaintiff's purported service of process upon the defendant corporation did not comply with CPLR 311 (a) (1). The process server's testimony at the hearing to determine the propriety of service reveals that he made no inquiry of the person to whom the summons and complaint were personally delivered regarding the authority of that person to accept process pursuant to CPLR 311 (a) (1), nor was there any indication that the recipient of the summons and complaint made any representation to the process server of having authority to receive service on behalf of the defendant corporation (*see Borello v Trustees of Cent.*

738

*Presbyt. Church*, 233 AD2d 212 [1996]; *cf. Fashion Page v Zurich Ins. Co.*, 50 NY2d 265 [1980]). Accordingly, the Supreme Court correctly granted that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment previously entered against it upon its failure to answer the complaint or appear in the action. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.