■ FRIEDA SARGISS, Appellant, v MARLENE MAGARELLI et al., Respondents, et al., Defendants. [858 NYS2d 209]—

In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowtiz, J.), dated April 26, 2007, which granted the motion of the defendant Marlene Magarelli and the separate motion of

the defendants Julius Sargiss, Alice Sargiss, and Panrad Automotive Industries, Inc., to dismiss the complaint, inter alia, pursuant to CPLR 3016 (b) for failure to plead fraud with particularity, and pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint as time-barred (see Von Blomberg v Garis, 44 AD3d 1033 [2007]). A cause of action based upon fraud must be commenced within six years of the commission of the fraud, or two years from the date the fraud could reasonably have been discovered, the expiration of whichever is later (see CPLR 213 [8]; 203 [g]). "The burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception" (Von Blomberg v Garis, 44 AD3d at 1034; see Siler v Lutheran Social Servs. of Metro. N.Y., 10 AD3d 646, 648 [2004]). Here, the action was commenced more than six years after the alleged fraud, and the plaintiff failed to satisfy her burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action.

We note that the cause of action to recover damages for fraud was not pleaded with the specificity required under CPLR 3016 (b). The complaint contained only conclusory allegations of fraud, without any facts to support a finding that any fraudulent act was committed (see Dumas v Fiorito, 13 AD3d 332 [2004]; Thaler & Gertler v Weitzman, 282 AD2d 522 [2001]; Penna v Caratozzolo, 131 AD2d 738 [1987]). Accordingly, the Supreme Court also properly granted the motions to dismiss the complaint on the ground that the cause of action alleging fraud was not pleaded with sufficient particularity. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.