■ MARGUERITE McGOVERN, Appellant, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Defendant, and BOARD OF EDUCATION, LONG BEACH SCHOOL DISTRICT, Respondent. [876 NYS2d 141]—

In an action, inter alia, to recover damages for educational malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 6, 2007, as granted the motion of the defendant Board of Education, Long Beach School District to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept all of the facts alleged in the pleading as true, and accord the plaintiff the benefit of every possible inference in determining whether the facts alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Kass v Zaslav,* 55 AD3d 877 [2008]; *Dinerman v Jewish Bd. of Family & Children's Servs., Inc.,* 55 AD3d 530, 531 [2008]; *Flax v Lincoln Natl. Life Ins. Co.,* 54 AD3d 992, 994 [2008]). Applying this standard here, the complaint fails to state a cause of action against the defendant Board of Education, Long Beach School District (hereinafter the Board of Education). The plaintiff alleges, inter alia, that the Board of Education ignored the concerns she expressed about her daughter's reading skills when the child was in elementary school, and inappropriately placed the child in a special education class when she reached middle school. These allegations sound in educational malpractice, which has not been recognized as a cause of action in this state because public policy precludes judicial interference with the professional judgment of educators and with educational policies and practices (*see Torres v Little Flower Children's Servs.,* 64 NY2d 119, 126-127 [1984]; *Hoffman v Board of Educ. of City of N.Y.,* 49 NY2d 121, 125 [1979]; *Donohue v Copiague Union Free School Dist.,* 47 NY2d 440, 444 [1979]; *Livolsi v Hicksville Union-Free School Dist.,* 263 AD2d 447 [1999]; *Suriano v Hyde Park Cent. School Dist.,* 203 AD2d 553, 554 [1994]).

Furthermore, the plaintiff's allegations that she has reason to believe that the Board of Education tampered with her daugh-

ter's school records in an unspecified manner, and concealed information or provided false information in connection with a child protective proceeding charging the plaintiff with educational neglect, do not set forth the requisite elements of a fraud claim with the particularity required by CPLR 3016 (b) (*see Sargiss v Magarelli,* 50 AD3d 1117, 1118 [2008]; *Boyle v Burkich,* 245 AD2d 609 [1997]; *Sirohi v Lee,* 222 AD2d 222 [1995]). The complaint also fails to state a cause of action to recover damages for either intentional or negligent infliction of emotional distress because the acts allegedly committed by the Board of Education were not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (*Ruggiero v Contemporary Shells,* 160 AD2d 986, 987 [1990]; *see Tartaro v Allstate Indem. Co.,* 56 AD3d 758, 759 [2008]; *Stanton v Carrara,* 28 AD3d 642 [2006]).

To the extent that the plaintiff's contentions relate to wrongful acts allegedly committed by the defendant Nassau County Department of Social Services (hereinafter the Department), they are not properly before us. The plaintiff did not appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), dated September 22, 2006, which granted the Department's motion to dismiss the complaint insofar as asserted against it, and her claims against the Department are outside of the scope of this appeal (*see Global Connect Strategic Voice of Broadcasting, Corp. v Oxford Collection Agency, Inc.,* 50 AD3d 737 [2008]; *Murray v City of New York,* 43 AD3d 429, 430 [2007]). Spolzino, J.P., Florio, Miller and Eng, JJ., concur. [*See* 16 Misc 3d 1114(A), 2007 NY Slip Op 51422(U).]