13-650-cv
Kajoshaj v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand thirteen.

PRESENT: ROBERT D. SACK,
　　　　　　BARRINGTON D. PARKER,
　　　　　　REENA RAGGI,
　　　　　　　　*Circuit Judges.*

-----------------------------------------------------------------------

HALIL KAJOSHAJ, HALIL KAJOSHAJ, as parent and guardian for his natural born son, ABEDIN KAJOSHAJ,
　　　　　　*Plaintiffs-Appellants*,

　　　　　v.　　　　　　　　　　　　　　　　　No. 13-650-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, KARINA COSTANTINO, Community Superintendent, Community School District 20, in her official and individual capacities, GARY M. WILLIAMS, Principal, the SEEALL Academy, in his official and individual capacities,
　　　　　　*Defendants-Appellees*,

CITY OF NEW YORK,
　　　　　　*Defendant*.*

-----------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANTS:    JOHN W. BREWER (Steven G. Storch, *on the brief*), Storch Amini & Munves PC, New York, New York.

APPEARING FOR APPELLEES:    JONATHAN A. POPOLOW, of Counsel, (Francis F. Caputo, of Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 24, 2013, is AFFIRMED.

Plaintiffs Halil Kajoshaj and his minor son Abedin Kajoshaj appeal from the dismissal of their amended complaint against the New York City Department of Education ("DOE"); Karina Costantino, Superintendent of the Community 20 School District; and Gary Williams, Principal of the SEALL Academy ("Academy"), for violation of federal and state law in failing to promote Abedin from fifth to sixth grade for the 2010–11 school year.[1] Plaintiffs further appeal the district court's denial of leave to amend their complaint a second time. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Before the district court, plaintiffs withdrew their claims against the City of New York.

2

1.    <u>Dismissal</u>

We review <u>de novo</u> the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Bryant v. N.Y. State Educ. Dep't</u>, 692 F.3d 202, 210 (2d Cir. 2012).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (internal quotation marks omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (internal quotation marks omitted).  Further, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." <u>Id.</u>  Applying these principles here, we conclude that the amended complaint was properly dismissed.

a.    <u>Title VI</u>

Insofar as plaintiffs contend that DOE's failure to promote Abedin violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d <u>et seq.</u>, they were required plausibly to allege that (1) the action was discriminatory based on race, color, or national origin; (2) such discrimination was intentional; and (3) the discrimination was a "substantial or motivating

3

factor" for defendants' actions.  Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001) (internal quotation marks omitted).  Plaintiffs submit that they have satisfied this requirement by placing the failure to promote in the context of other adverse decisions that, together, support an inference of national origin bias.[2]

Specifically, the complaint alleges (1) meritless Academy reports against Halil for child abuse in 2003 and educational neglect in 2010, (2) the Academy's failure to promote Halil's two daughters following the 2004–05 school year, (3) the Academy's 2004 suspension of Abedin for failure to receive required vaccinations and demand for further evidence of Abedin's allergy to the vaccines, despite reports from two Muslim doctors, and (4) a 2010 statement from an Academy counselor to one of Halil's daughters about finding her a better home.  Plaintiffs also allege "[u]pon information and belief" that the Academy promoted to sixth grade "non-Muslim students from families of non-Albanian origin" who had test scores and grades similar to Abedin.  Id. ¶ 45, J.A. 46.  They further claim that Academy employees, including Williams, refused to meet with Halil to discuss the decision not to promote Abedin; that Costantino failed to follow DOE regulations in denying Halil's appeal of that decision; and that Judith Butcher, the Executive Director of Borough Enrollment, denied Halil's request for a placement exception without explanation.

---

[2] Plaintiffs assert that they are Albanian American and practicing Muslims.  Although Title VI does not, by its terms, proscribe religious discrimination, plaintiffs argue that where, as in their case, religion is "deeply intertwined" with national origin, bias of both sorts can properly support a Title VI claim.  Appellants Br. 26 n.6.  We need not here address this issue because, even if we were to decide it in plaintiffs' favor, we would conclude that the complaint was properly dismissed for the reasons stated in text.

4

Even if these allegations might be "consistent" with a Title VI violation, they "stop[] short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). Indeed, although plaintiffs repeatedly assert that defendants took those actions "because of" plaintiffs' Muslim faith and Albanian origin, Am. Compl. ¶ 26, J.A. 43, their complaint is devoid of factual allegations that would reasonably give rise to such an inference. Plaintiffs do not, for instance, assert that any defendant referenced their religion or national origin, much less that they did so in a derogatory manner. Thus, their "naked allegation" that they were treated differently from non-Muslim, non-Albanians cannot demonstrate a plausible entitlement to Title VI relief. Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988) (stating that "naked allegation that appellees selectively enforced the College rules against plaintiffs because they are black or Latin is too conclusory to survive a motion to dismiss" (alterations and internal quotation marks omitted)); see Ashcroft v. Iqbal, 556 U.S. at 681 (rejecting "formulaic recitation" of elements of discrimination claim, "namely, that petitioners adopted a policy because of . . . its adverse effects upon an identifiable group" (internal quotation marks omitted)); Gregory v. Daly, 243 F.3d 687, 692 (2d Cir. 2001) (reiterating that "simple declaration that defendant's conduct violated the ultimate legal standard at issue (e.g., it was 'because of sex' . . . ) does not suffice").

That conclusion is only reinforced by plaintiffs' own allegation that defendants provided them with reports from June and August 2010 showing that Abedin did not achieve

5

grades on his English Language Arts ("ELA") exams warranting promotion to sixth grade. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) ("[T]he complaint is deemed to include any . . . documents incorporated in it by reference." (internal quotation marks omitted)). These reports provide a more plausible explanation for the Academy's decision not to promote Abedin than animus based upon national origin and religion. See Ashcroft v. Iqbal, 556 U.S. at 681 (considering "more likely explanations" in concluding allegations did not state plausible claim for relief).

In urging otherwise, plaintiffs submit that these reports are contradicted by Abedin's June 2010 report card, Abedin's identical scores on both the June and August 2010 tests are suspicious, and defendants' 2011 destruction of the underlying tests supports an adverse inference. These arguments merit little discussion. Abedin's June 2010 report card—which reflects Abedin's passing score on his winter 2010 ELA exam, but does not reference his scores on the ELA exams administered in June or August 2010—is not inconsistent with the June and August 2010 score reports. Plaintiffs' suspicions of fabrication and defendants' destruction of the tests are, by themselves, insufficient to establish a plausible claim of proscribed discrimination in the decision not to promote. Cf. Byrnie v. Town of Cromwell, 243 F.3d 93, 110 (2d Cir. 2001) (stating that destruction of evidence can defeat summary judgment where "enough circumstantial evidence exists to permit a reasonable trier of fact to conclude that the destroyed documents would show unlawful discrimination").

6

Our conclusion that plaintiffs have not adequately pleaded impermissible animus is also bolstered by the fact that certain alleged actions, such as ensuring proper vaccination and reporting suspected abuse, are consistent with obligations under New York law. See N.Y. Pub. Health Law § 2164(2), (7) (requiring all children in state to obtain certain vaccinations and mandating exclusion of children without proof of required vaccinations from school); N.Y. Soc. Serv. Law § 413(1)(a) (requiring school officials to report suspected abuse). Moreover, the vaccination issues and one of the abuse reports took place years before the challenged decision not to promote, and plaintiffs have failed to allege that any person involved in those actions participated in the decision not to promote.

In sum, because plaintiffs have failed plausibly to plead that the decision not to promote was based on proscribed animus, their Title VI claim against DOE was properly dismissed.

b. Equal Protection

To plead an equal protection violation, plaintiffs must plausibly assert that (1) they were treated differently from other similarly-situated individuals and (2) such selective treatment was based on impermissible considerations such as race or religion. See Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000). Plaintiffs argue that they satisfied this requirement by pleading "[u]pon information and belief" that the Academy promoted to sixth grade "non-Muslim students from families of non-Albanian origin" who had test scores and grades similar to Abedin. Am. Compl. ¶ 45, J.A. 46. In support, they rely on Boykin v.

7

KeyCorp, 521 F.3d 202 (2d Cir. 2008), in which, after Twombly, but before Iqbal, we held that in the context of that case, the pro se plaintiff "did not need to allege discriminatory animus for her disparate treatment claim [under the Fair Housing Act] to be sufficiently pleaded," id. at 215. Boykin, however, cannot be read to conflict with Iqbal's requirement that pleadings permit a court to "infer more than the mere possibility of misconduct" and its instruction that the identification of a plausible claim is a "context-specific" inquiry. Ashcroft v. Iqbal, 556 U.S. at 679.

Where, as here, plaintiffs are counseled, and the pleadings indicate more-plausible, non-discriminatory explanations for defendants' complained-of actions, a bare allegation of discriminatory animus is not enough to render an equal protection claim plausible. See id. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (alteration and internal quotation marks omitted)); Yusuf v. Vassar Coll., 35 F.3d 709, 714 (2d Cir. 1994) (concluding that plaintiff's allegation of selective enforcement of college rules failed to state valid colorable discrimination claim in light of "abundance of other possible reasons" for disciplinary action and "lack of any specific factual support for his claim of a racial motivation"); Albert v. Carovano, 851 F.2d at 572 (stating that "naked allegation" of discriminatory enforcement of college rules was insufficient to state claim for relief).

No different conclusion is warranted because defendants control the academic records of students whom plaintiffs allege, on information and belief, were similarly situated to

8

Abedin and yet promoted to sixth grade. While "[p]leading on the basis of information and belief is generally appropriate" where information is "particularly within [defendants'] knowledge and control," Boykin v. KeyCorp, 521 F.3d at 215, even such pleadings must be grounded in a good-faith basis in fact for believing that such comparators exist, see Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) (stating that Twombly and Iqbal require "factual amplification" where needed "to render a claim plausible"). Here, plaintiffs not only fail to plead such a basis, but also plead facts supporting more-plausible, non-discriminatory explanations for defendants' alleged conduct.

Accordingly, the equal protection claim against Williams and Costantino was properly dismissed.

c.      Due Process

Plaintiffs also appeal the district court's dismissal of their substantive and procedural due process claims against Williams and Costantino. See Rosa R. v. Connelly, 889 F.2d 435, 438–39 (2d Cir. 1989) (discussing both types of due process claims); accord DeFabio v. East Hampton Union Free Sch. Dist., 623 F.3d 71, 80–82 (2d Cir. 2010).

As we have recognized, New York law creates a property right in a free public education, see Handberry v. Thompson, 446 F.3d 335, 353 (2d Cir. 2006) (citing N.Y. Educ. Law § 3202(1)), that "may not be taken away" without the minimum procedures required by the Due Process Clause, Goss v. Lopez, 419 U.S. 565, 574 (1975). Here, Abedin was not denied access to New York's educational system by the Academy's decision requiring him

9

to repeat fifth grade. Plaintiffs' decision to have Abedin attend private school rather than to repeat fifth grade as required at the Academy was entirely voluntary and affords no basis for claiming a violation of their procedural or substantive due process rights. See Wood v. Strickland, 420 U.S. 308, 326 (1975) ("The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators . . . and § 1983 was not intended to be a vehicle for federal[]court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees.").

Because plaintiffs failed plausibly to allege deprivation of a property right, the district court properly dismissed their due process claims against Williams and Costantino.

d. *Monell* Liability

Having failed plausibly to plead that DOE employees violated their constitutional rights to equal protection and due process, plaintiffs' Monell claim against DOE necessarily fails as well. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978); Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). Accordingly, the district court correctly dismissed that claim.

e. State Law Claims

Plaintiffs' challenge to the district court's dismissal of their state law claims also fails on the merits. Article I, § 3 of the New York Constitution protects the free exercise of religion. Plaintiffs' complaint is devoid of any allegations that defendants inhibited their free

exercise of religion. Article I, § 11 of the state constitution guarantees equal protection of the laws. Plaintiffs' claim of a state equal protection violation fails for the same reasons as their federal equal protection claim. See Hayut v. State Univ. of N.Y., 352 F.3d 733, 754–55 (2d Cir. 2003).

New York Education Law § 3202 entitles children between the ages of five and twenty-one to a free public education. As already explained, Abedin was not denied access to New York's educational system; rather, the Academy required him to repeat fifth grade. See Isquith v. Levitt, 285 A.D. 833, 833, 137 N.Y.S.2d 497, 498 (2d Dep't 1955) (concluding that, under § 3202, "parents did not have the right to insist that the child be admitted to a particular grade or class in the public school"); see also McGovern v. Nassau Cnty. Dep't of Soc. Servs., 60 A.D.3d 1016, 1017, 876 N.Y.S.2d 141, 142 (2d Dep't 2009) (stating that "public policy precludes judicial interference with the professional judgment of educators"). The district court therefore also properly dismissed this claim against DOE.

2.      Leave to Amend

Plaintiffs fault the district court for denying them leave to amend their complaint a second time. In fact, plaintiffs waived this claim before the district court by declining the court's invitation to submit a second amended complaint and electing instead to "stand on the amended complaint." March 30, 2012 Letter from Steven G. Storch to District Court, J.A. 63; see DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (holding that where "plaintiff's counsel declared his intention to stand on the

11

allegations of his complaint," plaintiff "irrevocably waived the option offered by the district court further to amend his complaint"). Thus, they cannot be heard to complain on appeal about their inability to amend.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court