■ GISELE CADET, Appellant, v JAMES B. NUTTER & COMPANY, Respondent, et al., Defendants. [19 NYS3d 307]—

In an action to recover damages for negligence and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), entered August 8, 2013, which granted the motion of the defendant James B. Nutter & Company pursuant to CPLR 3016 (b) and 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The complaint alleges that, in June 2009, the plaintiff and her husband sought to refinance the original mortgage on their home. On the advice of the defendant Lexington Capital Corp. (hereinafter Lexington), a mortgage broker, and its employee, the defendant Adam Thiessen, the plaintiff and her husband elected to apply for a reverse mortgage from the defendant

James B. Nutter & Company (hereinafter Nutter). However, pursuant to federal regulations (*see* 12 CFR 226.33 [c] [6]), the total amount of money that Nutter could lend was limited, in part, by the age of the plaintiff, who was the younger spouse. Since that sum would not be sufficient to pay off the existing mortgage on the subject property, the plaintiff's name was removed from the deed for purposes of applying for a reverse mortgage in the husband's name only, in an amount sufficient to pay off the existing mortgage with a surplus of more than $21,000.

Nutter did not attend the closing. Lexington arranged and attended the closing, but did not act as Nutter's agent. The papers were executed by the plaintiff in her capacity as her husband's attorney-in-fact.

The plaintiff's husband died approximately three weeks after the closing, thus triggering the repayment of the reverse mortgage loan. After Nutter attempted to collect the debt, the plaintiff commenced the instant action to recover damages against Nutter, Lexington, and Thiessen. Nutter moved pursuant to CPLR 3016 (b) and 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. The Supreme Court granted Nutter's motion, and the plaintiff appeals.

The Supreme Court properly granted that branch of Nutter's motion which was to dismiss the cause of action alleging negligence insofar as asserted against it because the allegations were insufficient to establish that Nutter owed a duty to the plaintiff (*see* CPLR 3211 [a] [7]). The plaintiff's husband was the borrower, and Nutter had no relationship to the plaintiff, except as her husband's representative. " 'Absent a duty of care, there is no breach, and without breach there can be no liability' " (*MVB Collision, Inc. v Allstate Ins. Co.*, 129 AD3d 1041, 1042 [2015], quoting *Fox v Marshall*, 88 AD3d 131, 135 [2011]; *see Pasquaretto v Long Is. Univ.*, 106 AD3d 794, 795 [2013]).

"A cause of action sounding in actual fraud must state that the defendant knowingly misrepresented or concealed a material fact for the purpose of inducing another party to rely upon it, and that the other party justifiably relied upon such misrepresentation or concealment to his or her own detriment" (*Levin v Kitsis*, 82 AD3d 1051, 1054 [2011]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Pursuant to CPLR 3016 (b), a cause of action based upon fraud or misrepresentation must be pleaded with particularity (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *Greenberg v Blake*, 117 AD3d 683, 684 [2014]; *Sargiss v Magarelli*, 50 AD3d 1117, 1118 [2008]).

In her pleadings, the plaintiff failed to allege that she had any contact with any employee or representative of Nutter. The plaintiff alleged, without basis, that Lexington and Thiessen were agents of Nutter. However, this allegation was conclusively refuted by documentary evidence, to wit, a written agreement between Nutter and Lexington (*see* CPLR 3211 [a] [1]).

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly granted that branch of Nutter's motion which was to dismiss the fraud causes of action insofar as asserted against it pursuant to CPLR 3016 (b) and 3211 (a) (1) and (7). Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.