■ GREGORY P. SCIALDONE, Appellant, v STEPPING STONES ASSOCIATES, L.P., et al., Respondents. [50 NYS3d 413]—

In an action, inter alia, to recover damages for eviction from a parking space, to determine the plaintiff's right to the parking space, and for injunctive relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated February 27, 2013, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the 1st, 2nd, 3rd, 4th, 5th, 6th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 21st, 22nd, and 23rd causes of action of the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in 2011. The complaint alleged, inter alia, that the plaintiff is a tenant of an apartment complex in White Plains owned and operated by the defendants, Stepping Stones Associates, L.P., and DeRosa Builders, Inc., and that he was constructively evicted from one of his three parking spaces in the complex. The complaint sought a determination of the plaintiff's right to use the parking space, injunctive relief, and damages exceeding $5 million.

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the 1st, 2nd, 3rd, 6th, 14th, 15th, 17th, and 22nd causes of action pursuant to CPLR 3211 (a) (1) on the ground of a defense based upon documentary evidence. To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 180 [2008]; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422 [2003]). Here, all of these causes of action were premised on the plaintiff's alleged right to the parking space. However, the defendants submitted documentary evidence, in the form of a parking agreement, which showed that the plaintiff's lease of the parking space was month-to-month only, and that the lease had been validly terminated. The court properly found that this documentary evidence resolved all factual issues as a matter of law, and conclusively disposed of these causes of action.

The Supreme Court also properly granted dismissal of the 4th, 5th, 12th, 13th, 16th, 18th, 19th, 21st, and 23rd causes of action pursuant to CPLR 3211 (a) (7). In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, the Supreme Court properly granted dismissal of the 12th cause of action, which alleged intentional infliction of emotional distress, as the complaint failed to allege sufficiently outrageous conduct to sustain the claim (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Taggart v Costabile*, 131 AD3d 243, 249-250 [2015]). Similarly, the court properly granted dismissal

of the 13th cause of action, which alleged harassment, as "New York does not recognize a common-law cause of action alleging harassment" (*Mago, LLC v Singh*, 47 AD3d 772, 773 [2008]). The court also properly granted dismissal of the 16th cause of action, which sounded in fraud, as the complaint failed to identify the material misrepresentation of present fact allegedly made by the defendants (*see* CPLR 3016 [b]; *McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016, 1018 [2009]). Likewise, the court properly granted dismissal of the 18th cause of action, which asserted a violation of General Business Law § 349, as the complaint failed to allege the requisite consumer-oriented conduct to support that claim (*see Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 994-995 [2008]). Finally, the court properly directed dismissal of the 4th, 5th, 19th, 21st, and 23rd causes of action, as these causes of action did not state cognizable claims based on any known legal principles.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.