Blizniak v Fences by Precision, LLC (2024 NY Slip Op 03639)

Blizniak

2024 NY Slip Op 03639

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

418 CA 23-01891

[*1]ROBERT BLIZNIAK, PLAINTIFF-RESPONDENT,
v
FENCES BY PRECISION, LLC, AND ERIC J. GLENDENNING, DEFENDANTS-APPELLANTS.

RUPP PFALZGRAF LLC, BUFFALO (ALYSON R. TUFILLARO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
TRONOLONE & SURGALLA, P.C., BUFFALO (JOHN B. SURGALLA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 30, 2023. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action asserting, inter alia, a fraud cause of action against defendants after the sale of certain fencing to plaintiff and the installation thereof. Defendants, a limited liability company and its sole member, moved to dismiss the complaint, and Supreme Court denied that part of the motion seeking to dismiss the fraud cause of action as time-barred. Defendants appeal from the resulting order to that extent, and we reverse the order insofar as appealed from.
In December 2014, plaintiff entered into a contract with defendant Fences by Precision, LLC to purchase and install sections of six-foot-tall and four-foot-tall "Country Estate" brand fencing. On June 11, 2015, plaintiff entered into a second contract with defendants to purchase and install, among other products, an additional section of four-foot-tall fencing. Plaintiff alleges that "at the time [he] entered into the [s]econd [c]ontract, [he] understood that he was again purchasing 'Country Estate' brand fencing, of the same kind and quality as provided in the [f]irst [c]ontract."
On February 1, 2020, plaintiff contacted defendants after noticing that the fencing installed under the second contract was beginning to fade, while the fencing installed under the first contract was not. Plaintiff asked whether the fencing installed under the second contract was manufactured by Country Estate. On March 2, 2020, plaintiff again contacted defendants by text message, noting that the invoice for the fencing installed under the first contract reflected that it was Country Estate brand, but the invoice under the second contract did not. By February 24, 2021, plaintiff had retained counsel, who sent a letter to defendants threatening to commence an action against them absent a satisfactory resolution within 15 days. Plaintiff contacted Country Estate Fence for the first time on June 15, 2021 and, the following day, that company's representative confirmed that they did not manufacture the fading fencing at issue. Plaintiff commenced this action on May 19, 2023.
A cause of action for fraud must be commenced within six years of accrual, or within two years of the date that plaintiff discovered or could have discovered the fraud with reasonable diligence, whichever is later (see CPLR 213 [8]). "The two-year period does not commence from the date that plaintiff has positive knowledge of the fraud, but from the date that plaintiff becomes aware of enough operative facts so that, with reasonable diligence, [they] could have [*2]discovered the fraud" (Stride Rite Children's Group v Siegel, 269 AD2d 875, 876 [4th Dept 2000] [internal quotation marks omitted]). While the date of discovery is generally a jury question, it may be determined as a matter of law where it conclusively appears that the plaintiff had knowledge of facts raising a reasonable inference of fraud (see generally Sargiss v Magarelli, 12 NY3d 527, 532 [2009]).
On a motion to dismiss, the defendant bears the initial burden of showing that the initial six-year statute of limitations for fraud has run; once met, the burden shifts to the plaintiff to show that the two-year discovery exception applies (see Brooks v AXA Advisors, LLC [appeal No. 2], 104 AD3d 1178, 1180 [4th Dept 2013], lv denied 21 NY3d 858 [2013]). Here, it is undisputed that defendants established that the action was not commenced within six years. Thus, the burden shifted to plaintiff to show that the two-year discovery exception applies (see id.).
Plaintiff failed to do so. The record established that plaintiff had knowledge of facts from which the fraud could reasonably be inferred as early as February 2020 when the four-foot fencing began to fade while the six-foot fencing did not (see Animal Protective Found. of Schenectady, Inc. v Bast Hatfield, Inc., 306 AD2d 683, 685 [3d Dept 2003]) and, at the latest, by February 2021 when plaintiff's counsel threatened to commence an action against defendants. The statute of limitations thus ran, at the latest, in February 2023, and plaintiff's complaint filed nearly three months thereafter was not timely and the remaining fraud cause of action must therefore be dismissed.
Contrary to plaintiff's argument raised as an alternative ground for affirmance, even assuming, arguendo, that defendants misled him to believe that they were pursuing a warranty claim on his behalf, we conclude that plaintiff failed "to establish that subsequent and specific actions by defendants somehow kept [him] from timely bringing suit" (Zumpano v Quinn, 6 NY3d 666, 674 [2006]).
Defendants' remaining contentions are academic in light of the foregoing conclusion.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court